IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MERVYN PAUL ARNOLD, #723051** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:15-CV-2679-M-BK |
| § | | |
| **STATE OF FLORIDA,** § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a Florida state inmate, filed a *pro se* complaint under 42 U.S.C. § 1983. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

Plaintiff attempts to sue the State of Florida or the Florida Department of Corrections for providing false extradition information to a state judge in Walker County, Texas, in 2005. Doc. 3 at 2. He claims that Florida extradited him "under false pretenses" and without "legal jurisdiction," and that he is being held illegally in Florida. Doc. 3 at 3. Plaintiff requests "to file a complaint against Florida for falsifying documents" and to be "release[d] . . . from custody." Doc. 3 at 3.

**II. ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a

claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

Plaintiff's request for release from confinement is not cognizable in this section 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 4889 (1973)) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"). In addition, Eleventh Amendment immunity bars suit against a state or state entity, regardless of whether money damages or injunctive relief is sought. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (States are not persons subject to suit under section 1983, because of the Eleventh Amendment). Therefore, Plaintiff cannot sue the State of Florida or the Florida Department of Corrections for monetary damages or injunctive relief under section 1983.

Consequently, Plaintiff's civil rights complaint lacks any basis in law and should be dismissed as frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  See *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'").  Here, Plaintiff's claims are fatally infirm.  Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint under 42 U.S.C. § 1983 be summarily **DISMISSED** with prejudice as frivolous.  See 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A(b).  This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[1]

SIGNED August 28, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE